HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710

Attorney for Defendant
MARQUIS BREAUX

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARQUIS BREAUX, <br><br> Defendant. | Case No.  03-CR-00537-WBS_____ <br><br> STIPULATION AND ORDER REGARDING DEFENDANT'S ADMISSION TO VIOLATION OF TERM OF SUPERVISED RELEASE; DISPOSITION; AND DEFENDANT'S WAIVER OF APPEARANCE <br><br> Judge: Hon. William B. Shubb <br> Current Date:  May 4, 2020 <br> Time:           9:00 a.m. |

The parties, Defendant MARQUIS BREAUX, represented by Assistant Federal Defender Rachelle Barbour, and the UNITED STATES, represented by Assistant United States Attorney Aaron D. Pennekamp, along with the UNITED STATES PROBATION OFFICE, by and through Supervising United Stated Probation Officer Shannon Morehouse, hereby set forth the following stipulations and requests regarding Mr. Breaux's admission of a violation of his term of supervised release and the appropriate disposition in this case.

1. In sum, the Defendant, the United States, and the United States Probation Office agree that the appropriate resolution in this case is:  (a) for Mr. Breaux to admit to Charge 4 in the pending Superseding Violation Petition (Document 64, filed April 24, 2020); and (b) for the

1

United States and the United States Probation Office to dismiss the remaining charges in the Superseding Violation Petition. Moreover, in light of this agreement, the parties jointly request that this Court find Mr. Breaux in violation of the terms of his supervised release and sentence him to time served with no term of supervision to follow. Should the Court follow this joint request, the parties request that the Court issue a release order for Mr. Breaux and vacate the pending admit/deny hearing date, which is currently set for May 4, 2020.

2. In light of this agreed-upon resolution, Mr. Breaux agrees and stipulates to the following:

> That he has received the Superseding Violation Petition and has had sufficient time to discuss the violation charges with his counsel, that he understands the charges, and that he wishes to admit to Charge 4 of the Superseding Violation Petition, which charges him with a new law violation – a no contest plea to felony charges in Sacramento County Superior Court on August 25, 2009. Mr. Breaux admits that he did commit such a new law violation. Indeed, he has read and understands the factual basis supporting the alleged new law violation in the Superseding Violation Petition, and he stipulates that the facts described in that factual basis are accurate. Moreover, Mr. Breaux admits that the facts described in that factual basis fully support the charged new law violation.
>
> Mr. Breaux acknowledges and understands that his admission concerning Charge 4 of the Superseding Violation Petition provides the Court with a basis to find him in violation of his terms of supervised release. He understands and acknowledges that this admission carries with it potential consequences, including a maximum possible term of incarceration of three years as discussed in the Revocation Guide at page 8 of Document 64.
>
> Mr. Breaux accordingly knowingly and voluntarily ADMITS Charge 4 of the Superseding Violation Petition. He was convicted of a new law violation in August 2009 as charged in the petition and was sent to prison. He did violate the mandatory condition, which states, "The defendant shall not commit another federal, state, or local crime."
>
> Mr. Breaux also acknowledges and understands that he has a right to a revocation hearing concerning Charge 4 of the Superseding Violation Petition, where the government would bear the burden of proving Charge 4 by a preponderance of the evidence. Mr. Breaux agrees that in admitting this violation, he understands all of his rights under Federal Rule of Criminal Procedure 32.1(b)(2), and that he has received the opportunity to exercise all of those rights, including the right to a revocation hearing, the right to written notice of the alleged violation, the right to disclosure of the evidence against him, the right to an opportunity to appear, present evidence, and question any adverse witness, the right to be represented by appointed counsel, and the right to an opportunity to make a statement and present information in mitigation. Pursuant to Federal Rule of Criminal Procedure 32.1(b)(2), Mr. Breaux waives any further exercise of those rights in agreeing to this stipulation.

Similarly, Mr. Breaux acknowledges and understands all of his rights under Federal rule of Criminal Procedure 32.1(c), including his right to a hearing before the Court modifies the conditions of his supervised release, his right to counsel, and his right to an opportunity to make a statement and present any information in mitigation. Pursuant to Federal Rule of Criminal Procedure 32.1(c)(2)(A), Mr. Breaux explicitly waives each of those rights, including the right to a disposition or modification hearing concerning Charge 4 of the Superseding Violation Petition.

With respect to his personal appearance in Court, Mr. Breaux fully waives his right to a court appearance regarding Charge 4 of the Superseding Violation Petition. He has fully spoken with counsel and agrees that her signature on his behalf on this stipulation operates to bind him to this stipulation and these requests. Due to the coronavirus pandemic, this Court has authorized counsel to sign such documents on behalf of her client (CAED General Order 616), and by her signature below, defense counsel certifies that Mr. Breaux has spoken with her fully and authorized her to sign on his behalf in support of this stipulation as well as to waive any further Court appearance on this matter.[1]

3. The parties and the Probation Office jointly stipulate and request the following:

That the Court accept Mr. Breaux's waivers in this stipulation and agree to proceed without a court appearance.

That the Court accept Mr. Breaux's admission to Charge 4 of the Superseding Violation Petition and enter it on the record.

That the Court find Mr. Breaux in violation of his terms of supervised release imposed on November 26, 2007.

That the Court enter an order sentencing Mr. Breaux to time served in federal custody on this violation.

That the Court not impose any additional term of supervision.

That the Court dismiss the remaining charges in the violation petition.

That the Court issue a release order, so that Mr. Breaux may be released from custody of the United States Marshal on the disposition of this matter.

---

[1] CAED General Order 616 states that "where a defendant's signature is called for, unless otherwise ordered by the court, defense counsel may sign electronically on the defendant's behalf using the format '/s/ name' and file the signed document electronically after defendant has an opportunity to consult with counsel and consents to counsel's signing on defendant's behalf."

4. The parties agree to this disposition in light of the age of Mr. Breaux's prior federal case (August 2003), the age of his violation behavior (2008), the amount of time he has served in state prison, his positive record of rehabilitation while in state prison, the availability of the state parole authority to provide immediate supervision of Mr. Breaux, Mr. Breaux's strong family support, and the release plan that has previously been approved by Mr. Breaux's state parole officer.

5. Should the Court grant the requests of the parties in this stipulation, the parties jointly request that the May 4, 2020 admit/deny hearing be vacated.

Dated: April 28, 2020

                HEATHER WILLIAMS
                Federal Defender

                /s/ Rachelle Barbour
                _____
                RACHELLE BARBOUR
                Assistant Federal Defender
                Attorney for MARQUIS BREAUX
                Defendant

Dated: April 28, 2020

                /s/ Marquis Breaux by counsel
                _____
                MARQUIS BREAUX
                Defendant

Dated: April 28, 2020

                McGREGOR W. SCOTT
                United States Attorney

                /S/ AARON D. PENNEKAMP
                _____
                AARON D. PENNEKAMP
                Assistant United States Attorney

Dated:  April 28, 2020        /s/ Shannon Morehouse
_____
                SHANNON MOREHOUSE
                Supervising United States Probation Officer

**ORDER**

The Court hereby adopts the stipulations and requests above, and will issue a Judgment and Commitment Order consistent with them.  The Court accepts Mr. Breaux's admission to Charge 4 and finds him in violation of his terms of supervised release.  The Court dismisses the remaining charges.  The Court sentences Mr. Breaux to time served in this case, and will issue a release order forthwith releasing him from federal custody.  The Court hereby vacates the May 4, 2020 hearing in this matter.

Dated:  April 28, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE